IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYDIA K., *pseudonymously*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0755-N |
| | § | |
| G6 HOSPITALITY FRANCHISING LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses the motions to dismiss filed by Defendants G6 Hospitality Franchising LLC ("G6") [33], Omni Hotels Management Corporation ("Omni") [27], and PKA Enterprises, LLC ("PKA") [54] (collectively "Hotel Defendants"). Because Lydia K fails to state a plausible claim for relief, the Court grants the motions to dismiss.

## **I. ORIGINS OF THE MOTIONS**

This case involves claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, *et seq.*, the Child Abuse Victims Rights Act ("CAVRA"), 18 U.S.C § 2255, and TEX. CIV. PRAC. & REM. CODE ANN. § 98.002, the Texas statute prohibiting sex trafficking. Pl.'s Comp. ¶¶ 134-135, 140, 148 [23]. Lydia K is a sex trafficking survivor.[1] *Id.* ¶ 56. She was trafficked across multiple hotels in Texas, Nevada, Colorado, and Florida between August 2015 through October 2015. *Id.* In Texas,

---

[1] For the purposes of these motions, the Court assumes the truth of all well-pleaded facts in the Complaint.

Lydia was trafficked at the Fort Worth Motel 6 for several weeks, the Omni hotel in Dallas on at least four occasions, and the Omni hotel in Fort Worth on at least eight occasions. *Id*. ¶¶ 80, 92, 101. Lydia's traffickers controlled her through financial and physical abuse, forcing her to engage in commercial sex acts for their financial benefit. *Id*. Lydia was 17 years old at the time of her trafficking. *Id*. ¶ 32.

Lydia alleges that Henry David Jackson and Samantha Rochelle Baker, who are also named defendants in the present lawsuit, trafficked her in the Dallas-Fort Worth metroplex. *Id*. ¶¶ 56-57. She further alleges that she and her traffickers exhibited several common indicators of sex trafficking at the defendant hotels. *Id*. ¶ 14. Lydia also alleges that Baker regularly performed commercial sex acts and had sold sex to one of the hotel staff members at the Fort Worth Motel 6. *Id*. ¶¶ 85-86.

Due to the prevalence of sex trafficking within the hotel industry, hotel employees encounter victims of sex trafficking much more frequently than members of the public. *Id*. ¶¶ 11-12. Non-profit entities such as No Room for Trafficking by the American Hotel and Lodging Association have identified potential indicators of sex trafficking in hotels, such as: paying for hotel stays in cash or with pre-paid credit cards, extended stays with few possessions, excessive foot traffic in and out of hotel rooms by men, women in lingerie or otherwise dressed inappropriately for the setting or climate, and women exhibiting fearful or submissive behavior under constant monitoring by their companions. *Id*. ¶¶ 13, 18-19.

G6 is a franchisor of Motel 6 hotel properties, including the Fort Worth Motel 6 operated by PKA. *Id*. ¶ 5. Omni Hotel Management is the owner and operator of the Omni hotel branches in Dallas and Fort Worth.

Lydia asserts TVPRA, CAVRA, state human trafficking, and intentional infliction of emotional distress ("IIED") claims against each Hotel Defendant.[2]  *Id*. ¶¶ 134-135, 140, 145, 148.  The Hotel Defendants now move to dismiss all claims against them for failure to state a claim.

## II.  Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*.  (citations omitted).

Additionally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994);

---

[2] Lydia dropped her IIED claims against all Hotel Defendants.  Pl.'s Resp. 5 [32], Pl.'s Resp. 19 [36], Pl.'s Resp. 22 [57].  Accordingly, those claims are dismissed.

MEMORANDUM OPINION AND ORDER – PAGE 3

*see also*, *e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS DEFENDANTS' MOTIONS TO DISMISS

Lydia brings TVPRA claims against G6, Omni, and PKA under financial beneficiary and perpetrator theories of liability. Pl.'s Comp. ¶ 135. She also asserts CAVRA and state human trafficking claims against each Hotel Defendant. *Id.* ¶¶ 140, 148. The Court takes each of these theories in turn.

#### A. The Court Dismisses Lydia's TVPRA Beneficiary Liability Claims

Section 1595 of the TVPRA allows victims of sex trafficking to bring a civil action against "whoever knowingly benefits . . . from participation in a venture which that person knew or should have known" has engaged in the trafficking. 18 U.S.C. § 1595(a). Thus, to state a claim under a section 1595 financial beneficiary theory, Lydia must allege facts from which it can be reasonably inferred that Defendants "(1) 'knowingly benefitted financially or by receiving anything of value,' (2) from participation in a venture, (3) they 'knew or should have known has engaged in' sex trafficking" under section 1591, which defines the criminal act. *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 426 (N.D. Tex. 2021) (alteration omitted) (quoting *J.C. v. Choice Hotels Int'l, Inc.*, 2020 WL 6318707, at *4 (N.D. Cal. 2020)).

1. ***Knowingly Benefitted*** –The "knowing benefit" element requires "only that the

MEMORANDUM OPINION AND ORDER – PAGE 4

defendant was aware that it was benefitting in some way from its participation in the venture," and the venture need not be the result of sex trafficking. *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 564 (7th Cir. 2023); *see also Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–24 (11th Cir. 2021). In the hotel context, simply renting a room and knowingly receiving value in exchange is sufficient to satisfy this element. *See e.g.*, *E.S.*, 510 F. Supp. 3d at 426–27; *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 964–65 (S.D. Ohio 2019); *Doe, (H.E.W.) v. Radisson Hosp., Inc.*, 2025 WL 349556, at *5 (W.D. Tex. 2025), *rec. adopted*, 2025 WL 560708 (W.D. Tex. 2025); *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 190–91 (E.D. Pa. 2020); *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1257 (M.D. Fla. 2020). Thus, none of the Defendants contest that Lydia sufficiently pled this element by alleging that Lydia and her traffickers booked rooms at each hotel. However, Lydia failed to establish that G6 or Omni participated in a venture or that any defendants knew or should have known that Lydia's traffickers were engaged in sex trafficking at the respective hotels.

2. ***Participation in a Venture*** – Lydia alleges that each Hotel Defendant participated in ventures sufficient to establish liability. She asserts that the Omni hotels and PKA participated in lodging ventures with Lydia's traffickers. Pl.'s Resp. 12 [32]; Pl.'s Resp. 16 [57]. She also alleges that G6 directly participated in a franchisee-franchisor venture with PKA. Pl.'s Resp. 15 [41].

Participating in a venture "does not require actual knowledge of criminal wrongdoing." *G.G.*, 76 F.4th at 559. Nor does it require direct participation in the sex trafficking. *Id*. For beneficiary liability, it is sufficient to show "a continuous business

relationship between the participant and the trafficker." *Id*. "Where the participant provides assistance, support, or facilitation to the trafficker through such a 'continuous business relationship,' a court or jury may infer the participant and trafficker have a 'tacit agreement' that is sufficient for 'participation' under Section 1595." *Id*.; *see also Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (Souter, J.) (concluding that participation can be inferred, in part, where trafficker and hotel operators had similar prior dealings). The defendant need not have committed "some overt act that furthers the sex trafficking aspect of the venture" or have "associated" with the sex trafficker "for the purpose of furthering the sex trafficking." *M.A.*, 425 F. Supp. 3d at 968–70 (citation modified). The ordinary meaning of the statutory language requires a plaintiff to allege that the defendant "took part in a common undertaking or enterprise involving risk and potential profit." *Doe #1*, 21 F.4th at 725.

This Court has previously concluded that the alleged beneficiary must "have an ongoing interest in the success of a specific venture and elect to further the ends of the venture beyond what would reasonably be expected in an ordinary commercial transaction." *Doe (S.M.A.) v. Salesforce, Inc.*, 2024 WL 1337370, at *13 (N.D. Tex. 2024); *see also Doe (C.A.A.) v. Hyatt*, 2025 WL 1953857, at *6 (N.D. Tex. 2025). Simple ineffectiveness at curtailing traffickers is not participation in a venture. *A.D. v. Choice Hotels Int'l, Inc.*, 2023 WL 5510267, at *4 (M.D. Fla. 2023). And there must be particular facts connecting the venture to the specific plaintiff's trafficking. *See E.S.*, 510 F. Supp. 3d at 428 (stating the alleged venture must be the "specific venture that trafficked Plaintiff on specific occasions at the specific hotels").

Here, Lydia sufficiently alleged that PKA participated in a venture but did not plead sufficient facts to infer that G6 or Omni participated in a venture. First, Lydia argues that G6 participated in a franchisee-franchisor venture with PKA, while PKA's Motel 6 staff participated in a venture with Lydia's traffickers. Pl.'s Resp. 15 [36]. She further asserts that the Motel 6 staff engaged in the venture by renting rooms to Lydia's traffickers on a near daily basis for two months. Pl.'s Resp. 19 [57]. Lydia also alleged that Motel 6 staff was familiar with at least one of her traffickers because she regularly performed commercial sex acts and had sold sex to one of the hotel staff members at the Motel 6. Pl.'s Compl. ¶¶ 85–86. The Court concludes that these allegations of familiarity between hotel staff and Lydia's traffickers, combined with the repeated commercial dealings with the traffickers at the subject hotel bring the hotel staff's actions "beyond the realm of an ordinary business transaction." *Doe*, 2025 WL 1953857 at *4; *see also J.H. v. Paramount Hosp. LP*, 2025 WL 2201051 at *4 (N.D. Tex. 2025) (Concluding the defendant hotel's association with plaintiff's traffickers "was a venture because Plaintiff's traffickers had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the traffickers.") Thus, these allegations are sufficient to satisfy the "participation in a venture" element of section 1595 beneficiary liability.

However, Lydia insufficiently alleges that Omni and G6 participated in a venture because she did not plead any factual allegations that Omni or G6 participated in any venture beyond what would reasonably be expected in any ordinary commercial transaction. *See Doe (S.M.A.)*, 2024 WL 1337370, at *13. First, she does not allege that the hotel staff at Omni's Fort Worth or Dallas locations were familiar with Lydia's

MEMORANDUM OPINION AND ORDER – PAGE 7

traffickers or that any of the hotel staff engaged in specific acts to facilitate the traffickers' venture. Similarly, while Lydia argues that G6, as PKA's franchisor, exercises control over PKA's management including reservation processes and staff training, these facts do not allow the Court to infer that G6 participated in a venture with the traffickers. Pl.'s Compl. ¶¶ 115–131. Thus, her allegations against Omni and G6 amount to failures to curtail traffickers rather than participation in any venture. *A.D.*, 2023 WL 5510267, at *4. Accordingly, the Court dismisses the beneficiary claims against Omni and G6 for failure to allege participation in a venture.

    3.  ***Knew or Should Have Known of Lydia's Sex Trafficking*** – Next, Lydia alleges that each Hotel Defendant knew or should have known of her sex trafficking based on alleged signs of sex trafficking outlined by No Room for Trafficking. These allegations are insufficient to establish actual or constructive knowledge of Lydia's trafficking.

    Civil liability under TVPRA requires that the defendant "knew or should have known" the venture has engaged in a criminal TVPRA violation. 18 U.S.C. § 1595(a). This requires the defendant to have at least "constructive knowledge that the venture committed the specific § 1591 violation sued upon in the § 1595 civil action." *Doe (S.M.A.)*, 2024 WL 1337370, at *14. In other words, there must be plaintiff-specific facts to support this element. *E.S.*, 510 F. Supp. 3d at 428–29. General allegations about sex trafficking problems in the hospitality industry are insufficient to put a Hotel Defendant on notice of the specific plaintiff's trafficking. *J.C.*, 2020 WL 6318707, at *6. But they may be relevant, alongside plaintiff-specific facts, to establish a defendant should have known of a TVPRA violation. *Cf. Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 839 (C.D. Cal.

MEMORANDUM OPINION AND ORDER – PAGE 8

2021) (considering general and plaintiff-specific facts together in concluding defendant should have known of a violation).

Here, Lydia makes general allegations about sex trafficking issues in the hospitality industry and specific "classic signs of sex work" demonstrated by Lydia and her traffickers at each hotel. *See e.g.*, Pl.'s Resp. 4 [57]. The alleged signs include: (1) Lydia's provocative clothing; (2) the fact that Lydia's bruises were visible to hotel staff; (3) payment for rooms with cash or a prepaid a prepaid Visa card; (4) requests for extra towels and linens; (5) several used condoms discarded in the hotel trashcans; and (6) heavy foot traffic by non-guest men. Pl.'s Compl. ¶ 74. Lydia also alleges that, at the Forth Worth Motel 6, one of her traffickers sold sex to a hotel staff member. Pl.'s Compl. ¶¶ 85–86.

These allegations do not suggest that G6, Omni, or PKA knew or should have been aware of Lydia's trafficking. While these alleged facts may be sufficient to say that an observer knew or should have known of commercial sex, they do not suggest that G6, Omni or PKA should have known that Lydia was trafficked as a result of force, fraud, or coercion, the specific activity prohibited by the TVPRA. 18 U.S.C. § 1591(a); *see also J.B. v. G6 Hosp.*, LLC, 2020 WL 4901196, at *10 (N.D. Cal. 2020) (requiring Plaintiff to plead facts suggesting defendant should have known of "sex trafficking that violated TVPRA" as opposed to other "nefarious conduct").

Because Lydia has failed to allege sufficient facts to establish Defendants had at least constructive knowledge of her trafficking, the Court grants the motions to dismiss Lydia K's beneficiary claim against all Hotel Defendants.

### B. The Court Dismisses Lydia's Perpetrator Liability Claims

In addition to the beneficiary liability claims, Lydia asserts a perpetrator liability claim against the Hotel Defendants. Pl.'s Compl. ¶ 134. A perpetrator liability claim incorporates the elements of a criminal TVPRA violation under section 1591. *Doe (K.E.C.) v. G6 Hosp., LLC*, 750 F. Supp. 3d 719, 728 (E.D. Tex. 2024). Section 1591 states:

(a) Whoever knowingly—

   (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

   (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). Thus, while a beneficiary liability claim requires only constructive knowledge of a sex trafficking violation, a perpetrator liability claim requires a higher level of knowledge as to the use of force, fraud, or coercion. *See Doe (C.A.A.)*, 25 WL 1953857, at *6. *See also Doe (L.M.) v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d 464, 473 (E.D.N.C. 2024).

The Court has concluded that Lydia failed to allege actual or constructive knowledge of force, fraud, or coercion as to each Hotel Defendant. Accordingly, Lydia

likewise fails to meet the more stringent knowledge requirement for perpetrator liability. Thus, the Court grants the motions to dismiss Lydia's perpetrator liability claims.

### C. The Court Dismisses Lydia's CAVRA claims

Congress enacted Section 2255, a supplemental civil remedies statute, as part of the Child Abuse Victims Rights Act of 1986 and created a federal cause of action for victims of certain federal statute violations relating to trafficking and sexual exploitation of minors, including the TVPRA. 18 U.S.C § 2255; *see also M.B. v. Camp Stewart for Boys, Inc.*, 2013 WL 2297112 at *3 (W.D. Tex. 2013). Lydia asserts that each Hotel Defendant is liable for monetary damages under this statute because she has a TVPRA claim, and Lydia was trafficked as a minor. Pl.'s Compl. ¶ 32. However, as the Court has explained, Lydia does not have a viable TVPRA claim against any of the Hotel Defendants. Accordingly, the Court grants the motions to dismiss the CAVRA claims.

### D. The Court Dismisses Lydia's Section 98.002 Claims

Chapter 98 of the Texas Civil Practice and Remedies Code imposes civil liability on any "defendant who engages in the trafficking of persons or who intentionally or knowingly benefits from participating in a venture that traffics another person." TEX. CIV. PRAC. REM. CODE § 98.002(a). The Texas statute "closely resembles" the TVPRA and requires knowledge of the plaintiff's specific trafficking to impose liability. *A.S. v. Salesforce, Inc.*, 2025 WL 1287910, at *7 (N.D. Tex. 2025) (quoting *In re Facebook, Inc.*, 625 S.W.3d 80, 96 (Tex. 2021)).

The Court finds that Lydia has failed to allege that G6, Omni, or PKA had actual or constructive knowledge of her trafficking as necessary to state a claim under the TVPRA.

MEMORANDUM OPINION AND ORDER – PAGE 11

Because the Texas statute mirrors the TVPRA, the Court concludes that Lydia also fails to allege facts sufficient to state a claim under Section 98.002(a). Accordingly, the Court grants defendants' motion to dismiss Lydia's section 98.002 claim.

## CONCLUSION

Because Lydia fails to plead sufficiently plausible claims under the TVPRA, the CAVRA, and the Texas human trafficking statute, the Court grants G6, Omni, and PKA's motions to dismiss.[3]

Signed February 10, 2026.

_____<br>
David C. Godbey<br>
Senior United States District Judge

---

[3] Lydia did not request leave to amend her complaint. Therefore, the claims are dismissed with prejudice.